Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard R. Mernagh;  <br><br>     Plaintiff,  <br><br>v.  <br><br>Allied Interstate LLC;  <br><br>     Defendant. | No.  <br><br><br><br>**COMPLAINT**  <br><br><br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3) and FCRA § 1681a(c).
6. Defendant Allied Interstate LLC is a foreign limited liability company doing business within the State of Arizona as a collection agency.
7. Allied collects or attempts to collect debts owed or asserted to be owed or due another.
8. In the alternative, Allied collects or attempts to collect debts it has purchased or acquired after default.
9. Allied is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV.  Factual Allegations

10. In or about July 2005, Plaintiff co-signed on a

|   |   |
|---|---|
| 1 | school loan with SLM Financial Corp. (also referred |
| 2 | to as Sallie Mae) for his son to attend a rail road |
| 3 | school. |
| 4 | 11. The loan went into default sometime prior to June |
| 5 | 2006. |
| 6 | 12. In 2006, Plaintiff and SLM entered into a settlement |
| 7 | agreement, the terms of which are confidential. |
| 8 | 13. In or about August 2009, and subsequent to |
| 9 | Plaintiff's full performance of his obligations |
| 10 | under the settlement agreement, SLM assigned the |
| 11 | loan to Allied for collection purposes. |
| 12 | 14. In an attempt to collect the loan from Plaintiff, |
| 13 | Allied mailed Plaintiff a letter dated August 5, |
| 14 | 2009 concerning the collection of the SLM loan. |
| 15 | 15. Upon receipt of the August 5, 2009 letter, Plaintiff |
| 16 | immediately contacted Allied in writing and disputed |
| 17 | owing the debt, and refusing to pay, on the basis of |
| 18 | the SLM settlement agreement, and provided Allied a |
| 19 | copy of the settlement agreement. |
| 20 | 16. Allied temporarily ceased its collection activities |
| 21 | directed to Plaintiff on the school loan. |
| 22 | 17. SLM later assigned the loan to another collection |
| 23 | agency which is not a party to this suit. |
| 24 | 18. With this new assignment, Plaintiff filed a |
| 25 | complaint with the Arizona Attorney General's Office |

1     and the Pennsylvania Attorney General's office.
2 19. SLM responded to the Pennsylvania complaint by
3     letter dated June 15, 2010.
4 20. In this letter, SLM acknowledged that Plaintiff had
5     been "removed as the cosigner from this loan through
6     a settlement with Sallie Mae," and that "he is no
7     longer a responsible party to the loan."
8 21. However, despite SLM's acknowledgment that Plaintiff
9     is no longer a responsible party on the loan, in or
10    about June 2011, SLM again assigned the loan back to
11    Allied for collection purposes.
12 22. On June 10, 2011, Allied mailed Plaintiff a letter
13    concerning the collection of the SLM loan. A copy of
14    this letter is attached hereto as Exhibit A.
15 23. In Exhibit A, Allied claims that Plaintiff owes SLM
16    a balance of $3,502.00.
17 24. On June 16, 2011, Plaintiff's wife Joy Mernagh, with
18    his authorization, contacted Allied concerning its
19    continued collection of the SLM loan.
20 25. Joy reminded Allied of their prior communications in
21    2009, when Allied was informed and provided proof
22    that Plaintiff had been fully released from any
23    obligation of the loan.
24 26. The Allied collector acknowledged to Joy that Allied
25    still had its collection notes from the 2009

collection activity, but that all documents had been returned to SLM.

27. Despite knowing that Plaintiff had been released from any obligation on the SLM loan, Allied called Plaintiff on June 29, 2011 at 9:10 a.m. and left a voice mail message stating:

> "I'm calling from Allied Interstate regarding a debt. Any information obtained will be used for that purpose. Please return my call at 866-441-1921"

28. Allied called again on July 7, 2011 at 9:34 a.m., and left a voice mail message stating:

> "Andrew with Allied Interstate calling in reference to a debt. I need you to contact me at 866-458-9455"

29. Allied called on July 12, 2001 at 12:26 p.m., and left a voice mail message stating:

> "This is Kristen. I'm calling from Allied Interstate regarding a debt. Any information obtained will be used for that purpose. Please return my call at 866-441-1921"

30. On July 12, 2011, Allied mailed Plaintiff another letter concerning the collection of the SLM loan. A copy of this letter is attached hereto as Exhibit B.

31. In Exhibit B, Allied claims that Plaintiff is owes SLM the balance of $3,511.90.

32. On July 18, 2011, Allied again called Plaintiff and left a message concerning its collection of the SLM

- 5 -

loan.

33. Despite SLM's release of Plaintiff from any obligation related to the SLM loan, and Allied actual knowledge of said release, Allied has continued to attempt to collect the SLM loan from Plaintiff.

34. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, including, but not limited to, and emotional distress.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

36. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

37. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)   Actual damages under the FDCPA;

b)   Statutory damages under the FDCPA;

c)   Costs and reasonable attorney's fees pursuant to the FDCPA; and

d)   Such other relief as may be just and proper.

DATED   August 10, 2011  .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff